**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN  DIVISION**

**DONTAI JACKSON**                                                    **PLAINTIFF**

                                                                        3:20-CV-70-HTW-LRA
**V.**                                                  **CAUSE NO.: _____**

**CITY OF FLORA, POLICE CHIEF ARTY GIROD ,**
**IN HIS OFFICIAL CAPACITY, OFFICER**
**JAMES SHIRES, IN HIS INDIVIDUAL**
**AND OFFICIAL CAPACITY, and OFFICERS**
**JOHN DOES 1-5, IN THEIR INDIVIDUAL AND**
**OFFICIAL CAPACITIES**                                          **DEFENDANTS**

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOW, Dontai Jackson, and files this, Complaint against the Defendants, City of Flora, Chief Arty Girod, In His Official Capacity, Officer James Shires, In His Individual and Official Capacity, and Officers John Does 1-5, In Their Individual and Official Capacities (hereinafter "Defendant City," "Defendant Chief," "Defendant Shires," "Defendant Does," or collectively "Defendants"), and alleges the following:

<u>PARTIES</u>

1. Plaintiff is an adult resident citizen of Mississippi, residing at 264 Bannerman Drive, Apt. 12B, Flora, MS 39071.

2. Defendant City is a city entity that may be served with process by service on April Dunlap, City Clerk, 168 Carter Street, Flora, MS 39071.

3. Defendant Chief, employed with the City of Flora, MS, is an adult resident citizen of Mississippi, and he may be served with process at 168 Carter Street, Flora, MS 39071.

4. Defendant Shires, employed with the City of Flora, MS, is an adult resident citizen of Mississippi, and he may be served with process at 168 Carter Street, Flora, MS 39071.

5. Defendant Does, employed with the City of Flora, MS, are adult resident citizen of Mississippi, and may be served with process at 168 Carter Street, Flora, MS 39071.

## JURISDICTION

6. This court has jurisdiction over the subject matter herein pursuant to the provisions of Section 9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled in Mississippi.

7. This court has in personam jurisdiction over the Defendants in that all defendants are residents of or do business in Flora, Mississippi.

## VENUE

8. Venue is proper in this Court pursuant to Section 11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Madison County, Mississippi.

## UNDERLYING FACTS

9. On or about May 12, 2019, Defendants received a 911 telephone call for a disturbance at Plaintiff's residence.

10. Once Defendant Shires arrived at the Jackson residence, he observed no physical manifestations of injuries on the Plaintiff nor the Plaintiff's girlfriend, Latoya Rozell. Additionally, the home was still intact.

11. However, Defendant Shires aggressively instructed Plaintiff to place his hands behind his back.

12. Defendant Shires never asked the Plaintiff for identification to confirm his identity.

13. Defendant Shires entered the Plaintiff's home without an invitation of a bona fide resident with authority to permit admission into the home.

14. Upon entrance, Defendant Shires went into the Plaintiff's home without an arrest warrant or a search warrant.

15. Plaintiff and his girlfriend, Ms. Latoya Rozell were placed under arrest without cause and transported to the Flora Police Department where Plaintiff remained for 9 hours.

16. Upon arrival to the Flora Police Station, Plaintiff was booked, forced to dress in jail uniform, subjected to a strip search, and forced to pay $200 for a bail's bondman.

17. As a result, Plaintiff's constitutional rights were violated when he was unjustifiably arrested and unlawfully detained for 9 hours.

18. Based upon information and belief, Defendant Shires was an employee of Defendant City, at the time of the subject incident.

19. As a result of the Defendants' negligent actions, Plaintiff sustained injuries.

## COUNT ONE

### NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE OFFICER INVOLVED.

20. The Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

21. The Defendants, City and Chief, were grossly negligent and/or wanton in failing to monitor the actions of Defendant Shires. They further negligently and/or wantonly failed to train Defendant Shires to properly protect, investigate, interrogate, or identify the Plaintiff and other similarly situated individuals. The Defendants negligently and/or wantonly failed to properly follow and/or apply their own city and law enforcement rules ordinances regulations, policies and procedures, as well as state law generally. The City of Flora, Mississippi and Chief Arty Girod failed to properly supervise the actions of Defendant Shires.

22. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT TWO
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

23. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

24. The Plaintiff alleges that the Defendants intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon their minds, spirits, and bodies. By condoning and/or ratifying the acts of the officer involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

25. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, and to disregard the Plaintiff's rights to the detriment of the Plaintiff.

26. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT THREE
## VIOLATION OF CIVIL RIGHTS PURUSUANT TO 42 U.S.C. § 1983

27. The Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

28. In committing the acts complained of herein, Defendants acted under color of state law by falsely arresting and detaining the Plaintiff with no basis in fact or law to do so. In violating Plaintiff's right to be free from false arrest, the Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

29. More specifically, this action is brought for the unlawful arrest of the Plaintiff without probable cause to believe that the plaintiff had committed or was committing a crime, or as a pretext for other unlawful police conduct.

30. Additionally, the Defendants acted under color of state law to deprive Plaintiff of his rights as set forth in the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures, which amounted to an unlawful deprivation of the Plaintiff's civil rights.

31. The above described actions of the Defendants subjected the Plaintiff to a deprivation of rights and privileges entitled by the Constitution and laws of the Unites States, including the due process clause of the Fourteenth Amendment and the Fourth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. §1983.

32. the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FOUR
## RECKLESS DISREGARD

33. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

34. Plaintiff would show unto the Court the Defendants took actions that had reckless disregard for the safety and well-being of Plaintiff.

## COUNT FIVE
## VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. §1983 AND 28 U.S.C. §1343 et al.

35. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

36. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights.

37. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## COUNT SIX
## MONELL UNDER 42 U.S.C. §1983

38. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

39. At all relevant times, Defendants City of Flora and Chief Girod maintained a custom, practice and/or policy of wrongfully arresting and detaining individuals for multiple hours. Instead of simply following proper protocol when responding to a police disturbance call, City of Flora police officers routinely used excessive

force, barbaric measures and cruel and unusual punishment against arrestees and detainees similar to Dontai Jackson.

40. This policy, custom and/or practice is deliberately indifferent to the constitutional rights of individuals like Plaintiff herein and allowed for the individually-named Defendants to deprive the Plaintiff of his rights under both Federal and State Law.

41. As a result of the foregoing, the Plaintiff was needlessly injured.

42. Upon information and belief, the individually-named City of Flora personnel, including "Officer James Shires" and "John Does 1-5" that wrongfully arrested and detained Plaintiff were improperly trained, supervised, and retained in violation of the standards set out by the Monell doctrine. Furthermore, these individually-named Defendants responsible for Mr. Jackson's injuries had prior histories of using misconduct and were known threats to members of the public and therefore improperly retained.

43. As a result of the Defendants' deliberate indifference to its training, supervisory and retention of the Defendant officers, the Plaintiff was caused to suffer grave injuries, without fault or contribution by the Plaintiff.

## PRAYER FOR APPROPRIATE RELIEF

44. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

45. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein.

46. All Defendants are jointly and severally liable to the Plaintiff for the damages, including: past, present and future pain, suffering and mental and emotional anguish, lost wages, bonding fees and all other damages to be proved at trial.

47. The Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent act/or intentional acts enumerated herein an amount to be determined by this Court.

48. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi law, pre-judgment interest, post-judgment interest, attorney's fees, and all costs of this proceeding with such final amount being at least $500,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any recovery to be determined by a jury and allowed under any applicable state law and guidelines.

This, the 30th day of January, 2020.

**DONTAI JACKSON, PLAINTIFF**

**By:** ___/s/ Carlos E. Moore_____
Carlos E. Moore, MSB# 100685

OF COUNSEL:

**THE COCHRAN FIRM – MISSISSIPPI DELTA**

306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com